1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

KENNETH CARL GUY,

Case No. 21-cv-02640-LB

12

Plaintiff,

13

v.

**ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND**

14

U.S. DEPARTMENT OF JUSTICE,

Re: ECF No. 1

15

Defendant.

16
17

## INTRODUCTION

18

The plaintiff Kenneth Guy, who represents himself in this action and who is proceeding in forma

19

pauperis, sued the United States Department of Justice (DOJ) because his former employer,

20

Newsmax Media, allegedly obtained his personal information — from a local Sheriff's office —

21

contained in the Criminal Justice Information Systems, "which is maintained by the Department of

22

Justice." He claims that this was an unreasonable search and seizure under color of law, in violation

23

of 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

24

399 (1971), and the Constitution (here, the Fourth Amendment).[1] Before directing the United States

25

Marshal to serve the defendant with the complaint, the court must screen it for minimal legal

26
27

───────────

28

[1] Compl. – ECF No. 1 at 1 (¶ 2), 6–7 (¶¶ 23–25), 9 (¶ 29). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff did not plausibly plead a federal claim for several reasons, including the age of the alleged injury, the lack of involvement by any federal actors in the alleged wrongdoing, and his failure to plausibly plead venue or personal jurisdiction. In this order, the court identifies the complaint's deficiencies and gives the plaintiff an opportunity to amend the complaint by May 18, 2021 to cure them.

## STATEMENT

The plaintiff worked for Newsmax Media, where he "endure[d] months of endless harassment intent on forcing the Plaintiff to voluntarily terminate his own employment."[2] He "ended his employment relationship" with Newsmax in October 2014, allegedly had claims against them for employment discrimination (which "harmed the Plaintiff severely enough to be the cause of [a] foreclosure action" in Florida, where he cross-claimed against Newsmax), and settled his dispute with Newsmax for one month's severance pay.[3] "Newsmax Media Inc. should have included the Department of Justice in the Plaintiff's employment settlement agreement, but they did not."[4]

The basis for the DOJ's liability is Newsmax's alleged access to the plaintiff's personal information (contained in the DOJ's Criminal Justice Information Systems) that Newsmax allegedly obtained from an informant at a local Sheriff's office:

> 24. In no coincidence, two managers at Newsmax Media Inc. discussed the "fact" that the CEO of Newsmax Media Inc., Chris Ruddy, has an informant at a local Sheriff's office, that upon request, they provide to him any personal and/or classified information on anyone stored in the Criminal Justice Information Systems, which is maintained by the Department Of Justice. The two managers further discussed how information on the Plaintiff was provided to the CEO of Newsmax Media Inc., and while the specifics of that information was not disclosed in that conversation that the Plaintiff was clearly meant to overhear, that information would be and allegedly was enough to justify terminating the Plaintiff's employment at Newsmax Media Inc. In that same conversation, one of the managers has commented on how Chris Ruddy had stated in that conversation that he would make looking up a potential employee's classified CJIS information a standard hiring practice for every potential employee.

---

[2] *Id.* at 3 (¶ 13).

[3] *Id.* at 3–4 (¶¶ 10–18).

[4] *Id.* at 5 (¶ 19).

. . .

26. An unreasonable search was made regarding the Plaintiff's classified information maintained by the Department of Justice by a Department of Justice employee because the information provided, if any information was provided, was provided to a civilian in a civilian capacity for use by a private company.[5]

The plaintiff alleged that he "does not have a criminal record, and when he was an employee at Newsmax Media, Inc., he did not have any direct knowledge of any criminal investigation regarding the Plaintiff."[6] He also alleged that "he does have a criminal record, but the Plaintiff has been victimized by crimes executed by criminals claiming to use the alleged joinder by Newsmax Media Inc. and the Department of Justice regarding allegations made by a Newsmax Media Inc. employee that led to the termination of his employment at Newsmax Media Inc. as a means to fraudulently associate with that cause of action to either avoid arrest or delay prosecution in matters entirely unrelated to a possible unreasonable search allegedly made by a Department of Justice employee."[7]

In the complaint, the plaintiff explains why he is filing this lawsuit: he tried to raise a *Bivens* claim as a result of actions by an employee of the state of Florida, learned that a *Bivens* claim lies only against a federal employee, and filed this lawsuit to eliminate any resulting ambiguity and for the sake of finality.

21. In the state case in Florida, the Plaintiff communicated his intention to seek a remedy for a *Bivens* wrong. However, a *Bivens* wrong can only be committed by a Federal employee. In the cross claim filed in that foreclosure case, the Plaintiff communicated his intention to seek a remedy for that *Bivens* wrong as a consequence of the actions of an employee of the State of Florida. For this reason, it is the intention of this complaint to eliminate any legal ambiguity that may have been caused by the Plaintiff's legal naiveté.

22. Even though Newsmax Media Inc. has already settled their claims with the Plaintiff on all causes of action(s) that led to the Plaintiff's termination of employment with Newsmax Media Inc., for the sake of finality, the Plaintiff files this Complaint with the intention of ending any possible controversy related to the alleged *Bivens* Wrong that, according to Newsmax Media Inc., led to the Plaintiff's termination of employment with Newsmax Media Inc.[8]

---

[5] *Id*. at 7–8 (¶¶ 24, 26).

[6] *Id.* at 6 (¶ 23).

[7] *Id.* at 8 (¶ 28).

[8] *Id.* at 5–6 (¶¶ 21–22).

United States District Court
Northern District of California

1    The complaint has one claim against the DOJ (styled a § 1983/*Bivens* claim) asserting a

2    constitutional violation on the ground that the information from the DOJ Criminal Justice

3    Information Systems, "if any information was provided, was provided to a civilian in a civilian

4    capacity for use by a private company." If classified or private information "is stored by law

5    enforcement personnel for law enforcement purposes, the disclosure of that classified information

6    to a civilian for use other than for a criminal investigation would be an unreasonable search of the

7    Plaintiff's classified information, causing harm to the Plaintiff, specifically in this instance, the

8    loss of the Plaintiff's job at Newsmax Media Inc."[9] He does not seek any monetary relief and

9    requests Declaratory Relief from the Department of Justice:

> Instead, the Plaintiff seeks finality to be established on any civil claim and/or claims that
> the Plaintiff may have regarding the facts that led to the termination of his employment at
> Newsmax Media Inc. so that any individual victimizing the Plaintiff can no longer assert a
> fraudulent joinder with any cause of action related to the Department of Justice, claiming
> the joinder alleged by Newsmax Media Inc. as a means for any individual breaking the law
> against the Plaintiff to either avoid arrest or delay their prosecution.[10]

14   The plaintiff attaches eight exhibits to his complaint (numbered A through H and mostly related

15   to the Florida lawsuit) to support the factual allegations in his complaint: (A) his answer to the

16   foreclosure complaint; (B) his motion to add a missing party (presumably Newsmax) in the

17   foreclosure action; (C) the results of a polygraph examination that he took (and passed) in August

18   2020; (D) a November–December 2014 Wells Fargo statement (reflecting an address in Florida)

19   showing his receipt of the Newsmax severance payment; (E) his September 2017 motion to stay the

20   Florida foreclosure proceedings to allow him to "seek[] a remedy for a *Bivens* wrong" based on

21   allegations of misconduct (that he reported to the FBI) by Florida law-enforcement officers; (F) his

22   notice of a hearing on his motion; (G) the judgment in favor of the mortgage company in the Florida

23   foreclosure action; and (H) his motion to redact health-care information in this case.[11] The questions

24   and answers to the polygraph examination are as follows: (1) "Has extortion been attempted on you

---

[9] *Id.* at 7–8 (¶¶ 26–27).

[10] *Id.* at 9 (¶¶ 29–30).

[11] Exs. A–H to *id.* – ECF Nos. 1-1–1-9.

1   to get you to end your current legal case?" (Answer: yes.); (2) "Was it suggested to you to add the

2   demand letter in your Florida foreclosure case?" (Answer: yes.); (3) Were you informed at Newsmax

3   that you were a CJIS/*Bivens* leak victim after they knew a discrimination lawsuit was eminent?"

4   (Answer: yes.); and (4) "Were you ever a drug dealer in Virginia or Florida?" (Answer: no.).[12]

5

6                                      **ANALYSIS**

7   **1.   Sua Sponte Screening – 28 U.S.C. § 1915(e)(2)**

8        A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is

9   subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is

10  frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

11  relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

12  *Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)

13  (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint

14  make and rule on its own motion to dismiss before directing the United States Marshals to serve

15  the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. "The

16  language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure

17  12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The in forma pauperis

18  statute "is designed largely to discourage the filing of, and waste of judicial and private resources

19  upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of

20  bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

21        Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if

22  it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint

23  include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion

24  to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

25  relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

26  marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not

27

28  ────────────
    [12] Ex. C to *id.* – ECF No. 1-4 at 3.

United States District Court
Northern District of California

contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court ordinarily is limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

Venue is an issue in this lawsuit. "A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). If venue is improper, the court may

1    either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to

2    any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall,*

3    *Bayoutree Assocs., Ltd.,* 939 F.2d 802, 804 (9th Cir. 1991). Ordinarily, the interest of justice

4    requires transferring the case to a proper venue rather than dismissing the case. *Baeta v. Sonchik*,

5    273 F.3d 1261, 1264–65 (9th Cir. 2001). An action may be transferred to another court if: (1) that

6    court is one where the action might have been brought; (2) the transfer serves the convenience of

7    the parties; and (3) the transfer will promote the interests of justice. *Kinney v. Gutierrez*, No. 3:16-

8    cv-02287-LB, 2016 WL 4268679, at *2 (N.D. Cal. Aug. 15, 2016) (citing *E & J Gallo Winery v.*

9    *F. & P. S.p.A.,* 899 F. Supp. 465, 466 (E.D. Cal. 1994)).

10       Personal jurisdiction is an issue too. The plaintiff has the burden of establishing personal

11    jurisdiction over the defendants in a lawsuit. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

12

13    **2.  Application**

14       The plaintiff does not plausibly plead a *Bivens* claim against the United States.

15       First, the plaintiff alleged that that someone in a local Sheriff's office wrongfully gave

16    information from the Criminal Justice Information Systems to his former employer (because that

17    information can be used only for a law-enforcement purpose). He alleges no wrongful conduct by

18    any federal employee. A private right of action for damages may be implied from the Constitution

19    itself for constitutional violations by federal employees or their agents. *Bivens*, 403 U.S. at 392–97

20    (1971) (Fourth Amendment unreasonable search and seizure). But a plaintiff may not sue state

21    actors directly under the Constitution under a *Bivens* theory of recovery, even if a remedy is not

22    available to the plaintiff under 42 U.S.C. § 1983. *Martinez v. City of L.A.*, 141 F.3d 1373, 1382 (9th

23    Cir. 1998) (plaintiff who cannot sue under § 1983 because he is not a citizen or alien resident of

24    U.S. cannot sue state police officers under *Bivens*).

25       Second, a *Bivens* remedy exists solely against individual federal officials, not against the United

26    States. *Kreines v. United States*, 33 F.3d 1105, 1109 (9th Cir. 1994); *Thomas-Lazear v. FBI*, 851

27    F.2d 1202, 1207 (9th Cir. 1988). Because the purpose of *Bivens* is to deter the individual officer, the

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *Bivens* remedy does not extend to damages actions against federal agencies, even where individual

2  officers are protected by qualified immunity. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994).

3      Third, the exclusive remedy for money-damages claims against the United States is under the

4  Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, which waived the sovereign

5  immunity of the United States for certain torts committed by federal employees acting within the

6  scope of their employment. *Id.* at 475–76; *see* 28 U.S.C. § 2680(h) (the intentional-torts exception

7  does not apply to certain intentional torts (assault, battery, false imprisonment, false arrest, abuse of

8  process or malicious prosecution) committed by a federal "investigative or law enforcement

9  officer"). A related issue is exhaustion of administrative remedies and the statute of limitations for

10  any FTCA claim. A plaintiff must exhaust administrative remedies for his claim before filing an

11  FTCA action in federal court. 28 U.S.C. § 2675(a); *Alvarado v. Table Mt. Rancheria*, 509 F.3d

12  1008, 1018–19 (9th Cir. 2007). The FTCA's statute of limitations is not jurisdictional and may be

13  equitably tolled. *United States v. Wong*, 575 U.S. 402, 407 (2015). This applies to both of the

14  FTCA's limitation provisions found in 28 U.S.C. § 2401(b): the two-year period for filing a claim

15  with the appropriate agency and the six-month period for filing suit after agency denial. *Id.* at 406;

16  *Gallardo v. United States*, 755 F.3d 860, 864 (9th Cir. 2014). A claim accrues within the meaning

17  of § 2401(b) when the plaintiff knows both the existence and the cause of his injury, and not at a

18  later time when he also knows that the acts inflicting the injury may constitute a claim. *United*

19  *States v. Kubrick*, 444 U.S. 111, 118–25 (1979); *see, e.g.*, *Gallardo*, 755 F.3d at 864 (negligence

20  claim against U.S. Marine Corps in connection with sexual assault accrued when plaintiff became

21  aware of her injury and its immediate cause, not when she learned of the Corps' negligence). A

22  litigant seeking equitable tolling of the FTCA's limitation provisions must establish two elements:

23  (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his

24  way. *Wong*, 575 U.S. at 407–08. Given that the offending conduct took place in 2014, the plaintiff

25  does not plausibly plead that he could bring an FTCA claim.

26      Fourth, and similarly, a *Bivens* claim likely is time barred. Assuming that the injury happened in

27  California (a prerequisite to this court's jurisdiction), California's two-year personal injury statute

28  of limitations applies to *Bivens* claims arising in California. *Van Strum v. Lawn*, 940 F.2d 406, 410

1    (9th Cir. 1991) (holding that § 1983 statute of limitations applies to *Bivens* actions). The statute of

2    limitations is an affirmative defense which may not be raised by the court sua sponte. *Krug v.*

3    *Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990). But it may be grounds for sua sponte dismissal under

4    28 U.S.C. § 1915 where the defense is complete and obvious from the face of the pleadings or the

5    court's own records. *Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

6        Fifth, the plaintiff does not seek monetary relief. The only available relief in a *Bivens* action is

7    an award of money damages for any injuries caused by a defendant acting in his or her individual

8    capacity. *Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093–96 (9th Cir. 2016). A federal

9    court lacks subject matter jurisdiction over a *Bivens* suit that seeks only equitable relief. *Id.* at

10   1095 (citing *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157,

11   1173 (9th Cir. 2007)).

12       Finally, the plaintiff has the burden of establishing this court's jurisdiction, including personal

13   jurisdiction over any defendant. *Ranza*, 793 F.3d at 1068. The plaintiff lives here now, but many

14   of his allegations are about events in Florida. Even assuming a federal actor's involvement, a tort

15   in Florida likely does not give rise to the court's personal jurisdiction here over a defendant there.

16   *Walden v. Fiore*, 571 U.S. 277, 283–91 (2014). Also, if the events took place in Florida, and the

17   defendants reside there, there is no venue in this district. 28 U.S.C. § 1391(b).

18       In sum, the plaintiff cannot bring a *Bivens* claim against the DOJ and instead must name

19   individual federal defendants in their individual (and not official) capacities. *Daly-Murphy v.*

20   *Winston*, 837 F.2d 348, 355 (9th Cir. 1988). He cannot bring a *Bivens* claim only for equitable

21   relief. Any claims likely are untimely. And it is uncertain whether the court would have personal

22   jurisdiction over any individual federal defendant or venue over the lawsuit.

23       More fundamentally, it is not certain what relief the plaintiff seeks. To the extent that he seeks

24   finality about what claims he may have, this order may provide that insight.

25       Because the plaintiff did not plausibly plead any claims, the court gives notice of the

26   complaint's deficiencies and offers the plaintiff an opportunity to cure those deficiencies if he can.

27   The court appreciates the attention that the plaintiff gave to his complaint, including providing

28   documents that backed up his fact allegations. But for several reasons, including the age of the

United States District Court
Northern District of California

case and the lack of involvement by any federal actors in the alleged wrongdoing, the court

suggests that the plaintiff probably cannot cure the complaint's deficiencies.

### CONCLUSION

The plaintiff must file any amended complaint by May 18, 2021. Another option is that if this

order provides the clarity that the plaintiff seeks, he can file a one-page dismissal of his case. If the

plaintiff does not file an amended complaint by May 18, 2021, the court will reassign the case to a

district judge and recommend that the newly assigned judge dismiss the case.

**IT IS SO ORDERED.**

Dated: April 20, 2021

_____
LAUREL BEELER
United States Magistrate Judge